# Comer *v.* Thompson, Adm'r.

### *Action for Failure to comply with Award.*

1. *Award, when inoperative.*—A claimed rent of B, who claimed credit for buildings erected on premises, and being unable to agree they submitted the matter to arbitration. An award was made that B should pay A specified amount of rent in cotton, and that A should pay B the amount expended in erecting the buildings. The award did not find what buildings were erected or the costs thereof, and left it to the parties to settle, with the understanding that "A was to pay what was right." Held:

The award was so one-sided, incomplete, and wholly inoperative as to one of the mutual demands, that no action could be maintained on it.

[Comer v. Thompson, Adm'r.]

*Same; what necessary to maintenance of action on.*—Where the award requires performance of a duty on each side simultaneously, one party cannot maintain an action on it against the other, without proving that he had performed, or had offered and was willing to perform on his part.

3. *Account; amount of; when may be proved without itemizing.*—A party who gave the plaintiff an itemized statement of an account, is entitled to prove the amount of it, without specifying the items, on showing that he had no other copy or memorandum of the contents, and that plaintiff, after being duly served with *subpœna duces tecum*, failed to produce the account or give a copy of it.

APPEAL from City Court of Eufaula.
Tried before Hon. E. M. KEILS.
The opinions states the case.

G. L. COMER, for appellant.

WOOD, ROQUEMORE & COCHRAN, *contra*.

MANNING, J.—The complaint in this cause claims damages of defendant below (appellant here) for failing and refusing to deliver to plaintiff twenty-five bales of cotton, which (it is alleged) were awarded to him as administrator of the estate of Martha J. Cate, by two persons as arbitrators, mutually appointed by plaintiff and defendant to settle a controversy existing between them.

The bill of exceptions sets forth that the complaint was demurred to for various reasons specified in the bill of exceptions, where they ought not to be; but no demurrer or causes therefor appear, when, if filed at all, they ought to be in the record outside of the bill of exceptions. As it is not necessary, however, that we should pass any judgment on the matter set out as a demurrer, we shall not pause to consider that part of the case.

The evidence shows that the difference which it was proposed that the arbitrators should settle by their award, was on one side, how many bales of cotton should be delivered by defendant as rent for a plantation, and on the other side how much money should be paid by plaintiff, or allowed by him in abatement of the rent for a gin-house, negro-house, &c., put on the plantation by defendant under an agreement that he should be paid therefor.

The submission to arbitration was not in writing, nor was the award; and the latter seems to have been made in the absence of defendant and to have been afterwards orally communicated to him. The arbitrators decided that defendant should deliver twenty-five bales of cotton for the rent to plaintiff, and that plaintiff should pay to defendant whatever money he had paid out in having said building and

repairing done. No sum was specified by the arbitrators or ascertained by them as the amount to be so paid by the plaintiff to defendant. They testified that it was their understanding that the award was to be performed on both sides at once; and on cross examination they testified that "they did not find the amount due by plaintiff to defendant for the work done by, and money paid out by defendant for building said houses and repairing said gin-house and screw on said rented plantation, but left that to be settled by plaintiff and defendant, with the understanding that plaintiff was to pay defendant what was right."

Not long afterwards defendant delivered to plaintiff twenty-one bales of cotton, but declined to turn out any more for him, unless plaintiff would pay what was due to him. Plaintiff asked defendant for his account of this, which was handed to him; but he objecting to one item in it, there was a disagreement, which defendant proposed should be terminated, either by plaintiff's paying the amount and receiving four more bales of cotton, or by allowing defendant to retain these four bales in payment of the account. Plaintiff still insisting that the account was wrong, asked defendant to write his receipt for it, which the latter did, and he delivered the account receipted to plaintiff, who took it and the twenty-one bales of cotton, and without returning either the account or the cotton, some months afterwards brought this suit.

On the trial, after proving the issue of a *subpœna duces tecum* and service of it on plaintiff, in order to make him produce this account receipted, or a copy of it, and that he, defendant, had no copy and no memorandum of the contents, defendant offered to prove the amount of the account without specifying the items; but this being objected to, the court refused to permit the testimony to be given; to which defendant excepted. Evidence of the price of cotton was given.

Upon this evidence the court, upon the request of plaintiff, charged the jury—that "if they believed the evidence, they must find for the plaintiff, and must assess his damages at the price of the four bales of cotton at the time the award was made, with interest thereon to date;" to which charge defendant excepted.

Charges in writing were asked by the defendant to the effect that plaintiff must have performed, or offered to perform, his part of the award, before he could recover in his action; and that if the jury believe that all the matters submitted to the arbitrators for arbitration were not determined by their award, plaintiff was not entitled to recover; which

[Comer v. Thompson, Adm'r.]

charges were severally refused, and exception taken to the refusal of each, separately.

The submission in this cause was of matters in dispute, each party claiming that the other owed a duty to him ; and the award should have determined definitively all the matters submitted. It expressly recognized that there were mutual obligations, and decided what should be done to discharge the obligation on one side—how many bales of cotton defendant should deliver to plaintiff for the rent of the place—but not how much money should be paid by the plaintiff to discharge his obligation to compensate for the improvements made by defendants. This the arbitrators left "to be settled by plaintiff and defendant, with the understanding that plaintiff was to pay defendant what was right." Such an award, so one-sided, incomplete, and in respect to one of the matters which was to have been determined, wholly inoperative, cannot be sustained. The very consideration which induced defendant to agree to the arbitration, was to obtain an award that should settle what was due from plaintiff to him, as well as what was due from him to plaintiff, and the award not doing this, plaintiff cannot maintain an action on it against defendant.

It is also well settled, that if an award, duly made, requires the performance of a duty on each side simultaneously, one of the parties cannot maintain an action against the other without proof that he had performed, or had offered and was willing to perform, the duty thereby imposed on him. Much less could he recover when the proof showed that his adversary was willing and had offered to do what the award required of him, if the plaintiff would do likewise, and the latter refused.

The court below erred in the charge it gave, and in its refusal to give the charges above mentioned asked by defendant; and also in its refusal to permit defendant to prove the amount of his claim against plaintiff, as proposed by the former.

The judgment is reversed and cause remanded.